UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL MIKE MOLES, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>ANDREW SAUL,<br>Commissioner of Social Security, <br><br>　　　　Defendant. | Case No.: 1:20-cv-00906- JLT <br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO PROCEED INFORMA PAUPERIS <br>(Doc. 2) <br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Wendell Mike Moles seeks to proceed *in forma pauperis* with an action for judicial review of the administrative decision denying an application for Social Security benefits. Pending before the Court are the complaint (Doc. 1) and a motion to proceed *in forma pauperis* filed by Plaintiff (Doc. 2). For the following reasons, the request to proceed *in forma pauperis* (Doc. 2) is **GRANTED**, and the complaint **DISMISSED** with leave to amend.

**I.     Proceeding *in forma pauperis***

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court reviewed the applications and finds Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

///

1

**II.     Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**III.    Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

1 *Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should
2 assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal
3 conclusions are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a
4 complaint to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*,
5 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

6 **IV.     Jurisdiction**

7        Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability
8 benefits.  (Doc. 1)  The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides
9 in relevant part:

10        Any individual, after any final decision of the Commissioner made after a hearing to
         which he was a party, irrespective of the amount in controversy, may obtain a review of
11       such decision by a civil action commenced **within sixty days after the mailing to him
         of such decision or within such further time as the Commissioner may allow**. Such
12       action shall be brought in the district court of the United States for the judicial district
         in which the plaintiff resides, or has his principal place of business . . . The court shall
13       have power to enter, upon the pleadings and transcript of the record, a judgment
14       affirming, modifying, or reversing the decision of the Commissioner of Social Security,
         with or without remanding the cause for a rehearing.
15

16 *Id.* (emphasis added).

17        Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be
18 reviewed by any person, tribunal, or governmental agency."  42 U.S.C. § 405(h).  The Supreme Court
19 noted the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility
20 claims."  *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  Thus the regulations operate as a statute of
21 limitations a claimant to appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476
22 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)).  Because the time limit is
23 "a condition on the waiver of sovereign immunity," it "must be strictly construed."  *Id.*

24 **V.     Discussion and Analysis**

25        According to Plaintiff, the Appeals Council denied his request for review of the decision
26 rendered by the administrative law judge on April 21, 2020, at which time the decision became the
27 final decision of the Commissioner.  (Doc. 1 at 2, ¶ 8)  Therefore, Plaintiff's request for review would
28 be due within sixty-five days of the date of Appeal's Council's notice, or no later than June 25, 2020.

1 *See* 42 U.S.C. §405(g) (noting that a claimant is "presumed" to have received the notice of denial within "5 days after the date of such notice").  However, Plaintiff did not initiate this action until June 1, 2018.  Thus, it appears the statute of limitations may have run on the request for review.  *See, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming judgment in favor of Commissioner where the claimant missed the statute of limitations by one day).

On the other hand, there are two exceptions to the statute of limitations: (1) the Commissioner may grant an extension of time to file a civil action, and (2) the statute of limitations may be tolled through the doctrine of "equitable tolling."  *Bowen*, 476 U.S. at 479-80; 42 U.S.C. § 405(g).  Here, however, Plaintiff does not allege he requested an extension of time, and does not allege any facts that would support the equitable tolling of the statute of limitations.  Therefore, from the face of Plaintiff's complaint, it does not appear the request for judicial review is timely under 42 U.S.C. § 405(g).

**VI.     Leave to Amend the Complaint**

If the Court determines that a complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).

Here the Court cannot find with certainty that Plaintiff cannot allege facts supporting a determination that the request for review is timely and the Court has jurisdiction over the matter.  The Court will grant Plaintiff leave to amend the complaint to cure the deficiencies of this complaint by stating whether he requested an extension of time from the Appeals Council or, in the alternative, to allege facts that support the tolling of the statute of limitations.  Failure to cure the deficiencies will result in a recommendation that the matter be dismissed.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;
2. Plaintiff's complaint is **DISMISSED** with leave to amend; and
3. Plaintiff is **GRANTED** 14 days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

IT IS SO ORDERED.

Dated:   **July 1, 2020**              /s/ Jennifer L. Thurston
                                   UNITED STATES MAGISTRATE JUDGE