**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WENDELL MIKE MOLES, | ) Case No.: 1:20-cv-0906- JLT |
| Plaintiff, | ) |
| | ) ORDER DISMISSING THE FIRST AMENDED |
| v. | ) COMPLAINT WITH LEAVE TO AMEND |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

Wendell Mike Moles seeks judicial review of the administrative decision denying an application for Social Security benefits. (Doc. 4) Because it appears Plaintiff's request for review is untimely under 42 U.S.C. § 405(g), the First Amended Complaint is **DISMISSED** with leave to amend.

**I.     Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous or malicious," "fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Thus, a court may dismiss a complaint as frivolous under Section 1915 based on a relevant statute of limitations where it is obvious from the face of the

complaint that the asserted claim is barred. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984); *see also Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991) ("a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous" under the screening provision of Section 1915); *Fogel v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (a case filed beyond the statute of limitations period is legally frivolous).

The Court must screen the First Amended Complaint because it supersedes the previously filed complaint. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**II.      Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**III.    Statute of Limitations**

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits.  (Doc. 4)  The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added).

Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency."  42 U.S.C. § 405(h).  The Supreme Court noted the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility claims."  *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  Thus the regulations operate as a statute of limitations a claimant to appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)).  Because the time limit is "a condition on the waiver of sovereign immunity," it "must be strictly construed."  *Id.*

**IV.    Discussion and Analysis**

According to Plaintiff, the Appeals Council denied his request for review of the decision rendered by the administrative law judge on April 21, 2020, at which time the decision became the final decision of the Commissioner.  (Doc. 4 at 2, ¶ 8)  Therefore, Plaintiff's request for review would be due within sixty-five days of the date of Appeal's Council's notice, or no later than June 25, 2020.

*See* 42 U.S.C. §405(g) (noting that a claimant is "presumed" to have received the notice of denial within "5 days after the date of such notice").  However, Plaintiff did not initiate this action until four days after the deadline, on June 29, 2020.  Thus, it appears the statute of limitations may have run on the request for review, and as such Plaintiff's claim is frivolous.  *See, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming judgment in favor of Commissioner where the claimant missed the statute of limitations by one day); *see also Tate v. United States*, 437 F.2d 88, 89 (9 th Cir. 1917) (observing "[a] petition to review a decision of the [Commissioner] must be brought within the statutory time limit," and affirming dismissal of a Social Security complaint filed two days late); *Street v. Vose*, 936 F.2d at 39 (claims filed beyond the statute of limitations are frivolous).

On the other hand, there are two exceptions to the statute of limitations: (1) the Commissioner may grant an extension of time to file a civil action, and (2) the statute of limitations may be tolled through the doctrine of "equitable tolling."  *Bowen*, 476 U.S. at 479-80; 42 U.S.C. § 405(g).  Plaintiff does not allege he requested an extension of time and does not allege any facts that would support the equitable tolling of the statute of limitations.  Therefore, from the face of Plaintiff's complaint, it does not appear the request for judicial review is timely under 42 U.S.C. § 405(g).

### V.      Leave to Amend the Complaint

If the Court determines that a complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).

The Court isuncertain whether Plaintiff can allege facts supporting a determination that the request for review is timely and the Court has jurisdiction over the matter. Previously, the Court granted Plaintiff an opportunity to amend the complaint to address the same issue discussed above.  Curiously, however, Plaintiff only amended the paragraphs addressing the alleged error by the

administrative law judge, not the timeliness of his claims.  (*Compare* Doc. 1 at 2-3, ¶¶ 8-9 *with* Doc. 4 at 2-3, ¶¶ 8-9).  Plaintiff will be granted **one final opportunity** to cure the deficiencies of the complaint by stating whether he requested an extension of time to file a civil action from the Appeals Council or, in the alternative, to allege facts that support the tolling of the statute of limitations.  Failure to cure the deficiencies will result in a recommendation that the matter be dismissed as untimely and frivolus.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Accordingly, the Court **ORDERS**:

  1. Plaintiff's First Amended Complaint is **DISMISSED** with leave to amend; and

  2. Plaintiff is **GRANTED** 14 days from the date of service of this order to file a Second Amended Complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

IT IS SO ORDERED.

Dated:   **July 20, 2020**                            **/s/ Jennifer L. Thurston**
                       UNITED STATES MAGISTRATE JUDGE