UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL MIKE MOLES,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:20-cv-0906- JLT<br><br>ORDER SCREENING THE SECOND AMENDED COMPLAINT |

Wendell Mike Moles seeks judicial review of the administrative decision denying an application for Social Security benefits. (Doc. 6) Previously, the Court dismissed the complaint with leave to amend. (Doc. 5) On August 3, 2020, Plaintiff filed a Second Amended Complaint, which is now before the Court for screening. (Doc. 6) For the following reasons, the Court finds issuance of the new case documents is appropriate.

**I.     Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous or malicious," "fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Court must screen the Second Amended Complaint because it supersedes the previously filed complaints. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

1

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  Thus, a court may dismiss a complaint as frivolous under Section 1915 based on a relevant statute of limitations where it is obvious from the face of the complaint that the asserted claim is barred.  *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984); *see also Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991) ("a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous" under the screening provision of Section 1915).

**II.     Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth.  *Id*.  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.     Statute of Limitations

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits.  (Doc. 6)  The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id*.

Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency."  42 U.S.C. § 405(h).  The Supreme Court noted the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility claims."  *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  Thus the regulations operate as a statute of limitations a claimant to appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)).  Because the time limit is "a condition on the waiver of sovereign immunity," it "must be strictly construed."  *Id.*

### IV.     Discussion and Analysis

According to Plaintiff, the Appeals Council denied his request for review of the decision rendered by the administrative law judge on April 21, 2020, at which time the decision became the final decision of the Commissioner.  (Doc. 4 at 2, ¶ 8)  Therefore, Plaintiff's request for review would be due within sixty-five days of the date of Appeal's Council's notice, or no later than June 25, 2020.  *See* 42

U.S.C. §405(g) (noting that a claimant is "presumed" to have received the notice of denial within "5 days after the date of such notice"). However, Plaintiff alleges the Notice from the Appeals Council was postmarked on April 24 and was not received until April 28, 2020. (Doc. 6 at 2, ¶¶ 8-9; *see also* Doc. 6-2 at 4) Assuming these facts as true—as the Court must in reviewing pleadings—Plaintiff's request for judicial review was to be filed no later than June 29, 2020.[1] Because Plaintiff initiated this action by filing his complaint on that date, the request for judicial review was timely.

**V.     Conclusion and Order**

Plaintiff's complaint states a cognizable claim for review of the administrative decision denying Social Security benefits. Based upon the foregoing, the Court finds Service of the Second Amended Complaint will be appropriate. Because the case is **STAYED** by General Order 615, no summons will issue at this time. Once the stay is lifted, the case will proceed.

IT IS SO ORDERED.

Dated:   **August 6, 2020**                        **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Because the filing deadline fell on Sunday, it was continued to Monday, June 29, 2020. *See* Fed. R. Civ. Pro. 6(a)(1)(C) ("if the last day [of a statute of limitations period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

4